SEALED

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Criminal No.  17-cr-** |
| | : | |
| **v.** | : | **Offense:** |
| | : | |
| **EMEKA NDUKWU, and** | : | **18 U.S.C. § 1956(h)** |
| **CHUKA CHIJIOKE MBONU** | : | **(Conspiracy To Launder Monetary** |
| | : | **Instruments)** |
| **Defendants.** | : | |
| | : | **Forfeiture Allegation:** |
| | : | |
| | : | **18 U.S.C. § 982(a)(1), 21 U.S.C. § 853(p)** |
| | : | |

**INDICTMENT**

Case: 1:17–cr–00246
Assigned To : Judge Kelly, Timothy J.
Assign. Date : 12/19/2017
Description:  INDICTMENT (B)

The Grand Jury charges that:
At all times relevant to this Indictment:

## INTRODUCTION

1.    Defendant EMEKA NDUKWU ("NDUKWU") is a citizen of the United States and a resident of Maryland.

2.    Defendant CHUKA CHIJIOKE MBONU ("MBONU") is a citizen of Nigeria and a legal permanent resident of the United States, and is also a resident of Maryland.

## BACKGROUND

### Business Email Compromise Schemes

3.    In a typical Business Email Compromise (or "BEC") scheme, a co-conspirator tricks a company into transferring large sums of money to bank accounts controlled by members of the conspiracy for fictitious corporate transactions.  Using "spoofed" (fake) emails – which are fraudulent email messages, often containing a forged sender address, created to mislead the recipient about the true origin of the email – the co-conspirators impersonate someone connected

1

to the victim company and deceive an employee of that victim company into believing they are actually communicating with someone connected to their company. Through subsequent email communications, the co-conspirators convince those employees to initiate wire transfers from the victim companies' bank accounts to bank accounts controlled by the conspiracy. Soon after the fraudulent wire transfers are completed, the co-conspirators rapidly drain the bank accounts and launder the criminal proceeds.

### The BEC Scheme Involving Victim 1

4.      VICTIM 1 is a company based in China. In or about November 2016, VICTIM 1 was attempting to complete transactions with a business partner based in Sarasota, Florida (the "FLORIDA COMPANY"). VICTIM 1 began receiving spoofed emails that appeared to belong to a business partner of VICTIM 1, but were in fact from someone else. As a result of receiving these spoofed emails, VICTIM 1 was deceived into making two wire-transfers into a Wells Fargo bank account in or about November 2016 in the amounts of $126,816 and $54,412 each.

5.      The spoofed emails that were sent to VICTIM 1, which fraudulently induced VICTIM 1 to wire-transfer money to the above-mentioned bank accounts, were sent from a United States-based email provider whose servers are located in the United States, and therefore those emails traversed the United States' wires. Furthermore, the fraudulently-induced wire-transfers of money from China to the bank accounts in the United States also traversed the United States' wires.

### COUNT ONE
### (Conspiracy to Commit Money Laundering)

6.      The allegations set forth in paragraphs 1 through 5 of this Indictment are re-alleged and incorporated by reference therein.

## The Conspiracy

7.    From on or about November 4, 2016, continuing through on or about December 5, 2016, within the District of Columbia and elsewhere, defendants NDUKWU and MBONU, together with co-conspirators known and unknown to the grand jury, did knowingly conspire, combine, confederate, and agree with each other to violate:

    a.    18 U.S.C. § 1956(a)(1)(B)(i), by conducting or attempting to conduct a financial transaction involving the proceeds of specified unlawful activity, to wit, wire fraud and conspiracy to commit wire fraud, knowing that the transaction was designed in whole or in part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity, to wit, wire fraud and conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349; and

    b.    18 U.S.C. § 1957, by knowingly engaging or attempting to engage in a monetary transaction in criminally derived property that was of a value greater than $10,000 derived from specified unlawful activity, to wit, wire fraud and conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349.

8.    The objects of the conspiracy were:

    a.    To illegally enrich the co-conspirators;

    b.    To conceal and disguise the nature, location, source, ownership, and control of proceeds of specified unlawful activity; and

    c.    To engage in a monetary transaction greater than $10,000 in criminally derived property.

## The Manner and Means of the Conspiracy

9.    Among the manner and means by which NDUKWU and MBONU, and others known and unknown to the grand jury, would and did carry out the objectives of the conspiracy were the following:

    a.    They would and did create a company in the District of Columbia with a name similar to the FLORIDA COMPANY.

   b.  They would and did use that company to open a bank account in the United States with a name similar to that of the FLORIDA COMPANY, which assisted their co-conspirators in making VICTIM 1 believe that the fraudulently-induced wire transfers were, in fact, going to the FLORIDA COMPANY and were therefore legitimate.

   c.  They would and did rapidly drain those funds once received into the bank account created in the name of the FLORIDA COMPANY.

   d.  They would and did deposit money withdrawn from the bank account created in the name of the FLORIDA COMPANY into a second bank account, and then withdrew those funds from that account.

   e.  They would and did use a false identification document – a fraudulent Nigerian passport – to open the second bank account that received proceeds of the BEC scheme.

   f.  They would and did communicate with each other about the conspiracy by using encrypted communications methods, in particular the messaging application "WhatsApp."

### Acts in Furtherance of the Conspiracy

10.  The allegations set forth in paragraphs 1 through 9 above of this Indictment are re-alleged and incorporated by reference herein.

11.  In furtherance of the conspiracy, and to effect the objects thereof, the following overt acts, among others, were committed by or caused to be committed by one or more members of the conspiracy, in the District of Columbia and elsewhere:

   a.  On or about November 4, 2016, MBONU incorporated a new business entity in a name similar to the FLORIDA COMPANY in the District of Columbia. The application listed MBONU as the incorporator, with an address in the District of Columbia. The

application stated that the company provided "certified nursing assistants" and "other health and hospitality business."

b.      On or about November 5, 2016, MBONU established Wells Fargo bank account number ending in 7281 in the name similar to the FLORIDA COMPANY ("Wells Fargo Account 7281"). MBONU was listed as the owner and authorized signer of that account.

c.      MBONU exchanged WhatsApp messages with an unknown co-conspirator, CC-1, regarding the conspiracy. Included on those WhatsApp messages were screenshots of actual fraudulent emails sent to VICTIM 1 as part of the scheme to induce VICTIM 1 to wire-transfer the money to the bank accounts in the United States. Also included in those WhatsApp messages were photographs of the corporate documents that MBONU executed to incorporate the entity used to create the bank accounts that received the fraudulently-obtained money from VICTIM 1.

d.      On or about November 14, 2016, the Wells Fargo Account 7281 that was set up by MBONU received a wire transfer from Victim 1 in the amount of $126,816 in response to the fraudulent emails sent as part of the BEC scheme. Those fraud proceeds were partially liquidated over the following two days.

e.      On or about November 15, 2016, MBONU wrote out a check in the amount of $20,000 from Wells Fargo Account 7281 to another co-conspirator, CC-2.

f.      On or about November 16, 2016, MBONU made a $200 cash withdrawal from Wells Fargo Account 7281.

g.      On or about November 16, 2016, an additional $6,000 cash withdrawal was made from Wells Fargo Account 7281.

5

     h.     On or about November 17, 2016, VICTIM 1 sent a wire transfer in the amount of $54,412, via a subsidiary company, to Wells Fargo Account 7281.

     i.     On or about November 18, 2016, NDUKWU sent a text message to MBONU via the messaging app WhatsApp, spelling out NDUKWU's full name: "Emeka NDUKWU." On the same day, on or about November 18, 2016, MBONU wrote out a check in the amount of $20,000 from Wells Fargo Account 7281 to "Emeka Ndukwu," further liquidating the fraud proceeds from Victim 1. MBONU wrote out four additional checks to NDUKWU from the same account. In total, the five checks MBONU wrote out to NDUKWU from Wells Fargo Account 7281 totaled $130,770.

     j.     Relevant transactions involving the Wells Fargo Account 7281, in the name of the FLORIDA COMPANY, are summarized below:

| Date | Amount | Transaction |
|---|---|---|
| **11/14/16** | **$126,816** | **Wire transfer from Victim 1** |
| 11/15/16 | $20,000 | Check to CC-2 |
| 11/16/16 | $200 | ATM withdrawal |
| 11/16/16 | $6,000 | Withdrawal |
| **11/17/16** | **$54,412** | **Wire transfer from subsidiary of Victim 1** |
| 11/18/16 | $20,000 | Check to Ndukwu |
| 11/21/16 | $22,200 | Check to Ndukwu |
| 11/21/16 | $27,720 | Check to Ndukwu |
| 11/22/16 | $3,900 | ATM withdrawal |
| 11/25/16 | $26,480 | Check to Ndukwu |
| 11/25/16 | $34,370 | Check to Ndukwu |
| 11/28/16 | $25,630 | Check to "Murphy Henry" |

     k.     NDUKWU deposited the five checks from the Wells Fargo Account 7281 into his personal bank accounts at Navy Federal Credit Union with account numbers ending in 6612 (checking) and 8281 (savings).

l.      On or about November 23, 2016, NDUKWU withdrew a cashier's check from Navy Federal Credit Union account 8281 in the amount of $20,500, payable to "Chuka Mbonu."

m.      NDUWKU also used a portion of the funds to purchase a cashier's check for $27,200 payable to a car dealership in Silver Spring, Maryland, for a 2014 Mercedes GL450 purchased by NDUKWU's wife.

n.      On or about November 25, 2016, NDUKWU used a false Nigerian passport in the name of "Henry Murphy," with passport number A04425642, to open Wells Fargo bank account number ending in 2229 ("Wells Fargo Account 2229").

o.      On or about November 28, 2016, the check from Wells Fargo Account 7281 in the amount of $25,630 made out to "Murphy Henry" was deposited into Wells Fargo Account 2229.

p.      On or about November 30, 2016, a cash withdrawal of $25,060 was made from Wells Fargo Account 2229.

**(Conspiracy to Launder Monetary Instruments, in violation of
Title 18, United States Code, Section 1956(h))**

## FORFEITURE ALLEGATION

1.      Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, involved in the offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1).  The specific property subject to forfeiture includes one 2014 Mercedes-Benz GL450 with Vehicle Identification Number ("VIN") 4JGDF7CE6EA420794, seized from 13800 Burnished Wood Court, Upper Marlboro, Maryland 20774.  The United States will also seek a forfeiture money judgment for a sum of

7

money equal to the value of any property, real or personal, involved in the offense, and any property traceable to such property.

      2.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

            a.      cannot be located upon the exercise of due diligence;

            b.      has been transferred or sold to, or deposited with, a third party;

            c.      has been placed beyond the jurisdiction of the Court;

            d.      has been substantially diminished in value; or

            e.      has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1); and Title 21, United States Code, Section 853(p))**

A TRUE BILL:

FOREPERSON.

_Jessie K. Liu (CS)_
ATTORNEY OF THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA