**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Criminal No.** |
| | : | |
| **EMEKA NDUKWU,** | : | |
| | : | |
| **Defendant.** | : | |

## REDACTED STATEMENT OF THE OFFENSE AND RELATED CONDUCT

### I. THE ELEMENTS OF THE OFFENSE

The essential elements of the offense of Conspiracy To Launder Monetary Instruments, in violation of Title 18, United States Code, Section 1956(h), each of which the government must prove beyond a reasonable doubt to sustain a conviction, are:

(1) that two or more people agreed to try to accomplish a common and unlawful plan to violate Title 18, United States Code, Sections 1956 or 1957; and

(2) that the defendant intentionally joined in that agreement.

The elements of a violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), are:

(1) that the defendant knowingly conducted or tried to conduct a financial transaction;

(2) that the defendant knew the property involved in the transaction was the proceeds of some kind of unlawful activity;

(3) that the money or property did come from a specified unlawful activity, including wire fraud; and

(4) that the defendant knew the transaction was designed, in whole or in part, to conceal or disguise the nature, location, source, ownership, or the control of the proceeds.

The elements of Engaging in Monetary Transaction in Property Derived from Specified Unlawful Activity, in violation of Title 18, United States Code, Section 1957, are:

    (1) that the defendant knowingly engaged or attempted to engage in a monetary transaction;

    (2) that the defendant knew the transaction involved property or funds that were the proceeds of some criminal activity;

    (3) that the property had a value of more than $10,000; and

    (4) that the property was in fact the proceeds of a specified unlawful activity, including wire fraud.

## II. FACTUAL BASIS

Had this case proceeded to trial, the government would have proved the following facts beyond a reasonable doubt:

1.    From at least on or before August 20, 2013, continuing through at least on or about November 20, 2017, within the District of Columbia and elsewhere, Emeka NDUKWU (the "DEFENDANT") together with co-conspirators known and unknown to the grand jury, including Chuka Chijioke MBONU ("MBONU"), did knowingly conspire, combine, confederate, and agree with each other to launder the proceeds of a number of wire fraud schemes, primarily including Business Email Compromise schemes.

2.    In a typical Business Email Compromise (or "BEC") scheme, a co-conspirator tricks a company into transferring large sums of money to bank accounts controlled by members of the conspiracy for fictitious corporate transactions. Using "spoofed" (fake) emails – which are fraudulent email messages, often containing a forged sender address created to mislead the recipient about the true origin of the email – the co-conspirators impersonate someone connected to the victim company and deceive an employee of that victim company into believing they are

actually communicating with someone connected to their company.  Through subsequent email communications, the co-conspirators convince those employees to initiate wire transfers from the victim companies' bank accounts to bank accounts controlled by the conspiracy.  Soon after the fraudulent wire transfers are completed, the co-conspirators rapidly drain the bank accounts and launder the criminal proceeds.

3.      The DEFENDANT created and used numerous false aliases using forged Nigerian passports in furtherance of the conspiracy, including aliases in the name of Alexandra Okon, Collins Taylor, and Henry Murphy.  The DEFENDANT used these false aliases and forged passports to establish bank accounts that were used to receive and launder fraud proceeds.

**VICTIM 1**

4.      VICTIM 1 is a company based in Dubai, United Arab Emirates.

5.      On or about August 20, 2013, VICTIM 1 was fraudulently induced into making a wire transfer in the amount of $36,446.00 into Bank of America bank account number ending in 6454 ("Bank of America Account 6454").  On or about September 5, 2013, VICTIM 1 was fraudulently induced into making another wire transfer in the amount of $72,926.00 into Bank of America Account 6454.  VICTIM 1 mistakenly believed that it was making payments to a counterparty based in Ontario, Canada.

6.      In fact, the DEFENDANT opened Bank of America Account 6454 on or about March 21, 2013 in the name of CO-CONSPIRATOR COMPANY 1.   Following each fraudulent wire transfer from VICTIM 1, the DEFENDANT rapidly liquidated the proceeds through cash withdrawals and cashier's checks.

7.      Relevant transactions involving Bank of America Account 6454 are summarized below:

3

**Table 1:  Bank of America Account 6454, CO-CONSPIRATOR COMPANY 1**

| Date | Amount | Transaction |
|------|-------:|-------------|
| **8/20/13** | **$36,446.00** | **Wire transfer from VICTIM 1** |
| 8/20/13 | $10,000.00 | Cash withdrawal |
| 8/20/13 | $200.00 | Cash withdrawal |
| 8/21/13 | $10,000.00 | Cash withdrawal |
| 8/21/13 | $9,000.00 | Cash withdrawal |
| 8/22/13 | $4,600.00 | Cash withdrawal |
| **9/5/13** | **$72,926.00** | **Wire transfer from VICTIM 1** |
| 9/5/13 | $10,000.00 | Cash withdrawal |
| 9/5/13 | $150.00 | Cash withdrawal |
| 9/6/13 | $20,010.00 | Cashier's check |
| 9/6/13 | $20,010.00 | Cashier's check |
| 9/6/13 | $5,000.00 | Cash withdrawal |
| 9/6/13 | $3,500.00 | Cash withdrawal |
| 9/6/13 | $3,000.00 | Cash withdrawal |
| 9/6/13 | $2,000.00 | Cash withdrawal |

**False Tax Refund**

8.      On or about March 12, 2015, the DEFENDANT used a false Nigerian passport bearing his photograph, in the name of a false alias, "Alexandra Okon," with passport number A3648636A, to open Bank of America account number ending in 4044 ("Bank of America Account 4044").

9.      On or about March 16, 2015, the DEFENDANT received a fraudulent tax refund into Bank of America Account 4044 in the amount of $6,321.13.  The tax refund deposit referred to the name of an unrelated third party.  The account was closed before the DEFENDANT could withdraw the funds.

**VICTIM 2**

10.      VICTIM 2 is a company based in Bolton, United Kingdom.

11.      On or about June 2, 2015, VICTIM 2 was fraudulently induced into making a wire transfer in the amount of $30,000 into Wells Fargo bank account number ending in 6789 ("Wells

4

Fargo Account 6789"). VICTIM 2 mistakenly believed it was making a payment to a counterparty based in Hong Kong.

12.     Wells Fargo Account 6789 was opened by CO-CONSPIRATOR 1 on or about April 16, 2015. On or about June 2, 2015, the same date as the fraudulent wire transfer from VICTIM 2, CO-CONSPIRATOR 1 liquidated the fraudulent proceeds by writing two checks: one check in the amount of $16,000 payable to "Emeka Ndukwu," and one check in the amount of $14,000 to "Collens Taylor."

13.     Relevant transactions involving Wells Fargo Account 6789 are summarized below:

**Table 2:  Wells Fargo Account 6789, CO-CONSPIRATOR 1**

| Date | Amount | Transaction |
|---|---|---|
| 6/2/15 | $30,000.00 | Wire transfer from VICTIM 2 |
| 6/2/15 | $16,000.00 | Check to Emeka Ndukwu |
| 6/2/15 | $14,000.00 | Check to "Collens Taylor" |

14.     In fact, "Collins Taylor" was a false alias established by the DEFENDANT. On or about April 17, 2015, the DEFENDANT used a false Nigerian passport bearing his photograph, in the name of "Collins Taylor," with passport number A3007825A, to open Bank of America account number ending in 1811 ("Bank of America Account 1811").

15.     On or about June 2, 2015, the DEFENDANT deposited the $14,000 check drawn on Wells Fargo Account 6789, representing criminal proceeds from VICTIM 2, into Bank of America Account 1811 held in the name of "Collins Taylor." On or about June 4, 2015, the DEFENDANT used funds from Bank of America Account 1811, representing criminal proceeds from VICTIM 2, to make a purchase at a Costco store in the District of Columbia in the amount of $167.35, among other transactions. On or about June 9, 2015, the DEFENDANT made a withdrawal in the amount of $8,260 from Bank of America Account 1811, representing criminal

proceeds from VICTIM 2. This cash withdrawal was used to fund the purchase of a cashier's check in the amount of $7,500 payable to "Emeka Ndukwu," with the remitter noted as "Taylor Collins."

16.     The DEFENDANT deposited the above-mentioned $16,000 check from CO-CONSPIRATOR 1's Wells Fargo Account 6789, as well as the above-mentioned $7,500 cashier's check funded from Bank of America Account 1811 in the name of "Collins Taylor," into Citibank account number ending in 8047 ("Citibank Account 8047"), jointly held in the name of the DEFENDANT and the DEFENDANT's wife. Following each deposit, the DEFENDANT liquidated the criminal proceeds through cash withdrawals.

17.     Relevant transactions involving the DEFENDANT's Citibank Account 8047 are summarized below:

**Table 3:  Citibank Account 8047, Emeka Ndukwu and Wife**

| Date | Amount | Transaction |
|------|--------|-------------|
| **6/3/15** | **$16,000.00** | **Check from CO-CONSPIRATOR 1 deposited** |
| 6/5/15 | $10,000.00 | Cash withdrawal |
| 6/5/15 | $900.00 | Cash withdrawal |
| 6/8/15 | $3,000.00 | Cash withdrawal |
| **6/9/15** | **$7,500.00** | **Check from "Taylor Collins" deposited** |
| 6/9/15 | $9,000.00 | Cash withdrawal |

**VICTIM 3**

18.     VICTIM 3 is a company based in India.

19.     On or about June 18, 2015, VICTIM 3 was fraudulently induced into making a wire transfer in the amount of $120,128.35 into Capital One bank account number ending in 8967 ("Capital One Account 8967"). VICTIM 3 mistakenly believed it was making a payment to a company in Connecticut.

20.     Capital One Account 8967 was opened by CO-CONSPIRATOR 2 in the name of CO-CONSPIRATOR COMPANY 2 on or about March 12, 2015.   CO-CONSPIRATOR COMPANY 2 is a shell company that did not engage in any legitimate business and was created for the purpose of receiving and laundering criminal proceeds.  Following the fraudulent wire transfer from VICTIM 3, CO-CONSPIRATOR 2 liquidated the criminal proceeds by means of a cash withdrawal and checks to co-conspirators, including the DEFENDANT.  The checks contained false notations such as "Car purchase and Shipment."  CO-CONSPIRATOR 2 also used funds from Capital One Account 8967, representing criminal proceeds from VICTIM 3, to make multiple purchases in the District of Columbia on or about June 22 and 23, 2015.

21.     Relevant transactions involving Capital One Account 8967 are summarized below:

**Table 4:  Capital One Account 8967, CO-CONSPIRATOR COMPANY 2**

| Date | Amount | Transaction |
|------|--------|-------------|
| **6/18/15** | **$120,128.35** | **Wire transfer from VICTIM 3** |
| 6/19/15 | $25,000.00 | Check to CO-CONSPIRATOR COMPANY 3 |
| 6/19/15 | $25,000.00 | Check to CO-CONSPIRATOR COMPANY 3 |
| 6/19/15 | $25,000.00 | Check to Emeka Ndukwu |
| 6/19/15 | $15,000.00 | Check to Emeka Ndukwu |
| 6/22/15 | $7,500.00 | Cash withdrawal |
| 6/24/15 | $4,935.00 | Check to CO-CONSPIRATOR 3 |
| 6/24/15 | $4,820.00 | Check to CO-CONSPIRATOR 4 |

22.     The DEFENDANT deposited the two above-mentioned checks payable to Emeka Ndukwu, in the amounts of $25,000 and $15,000, respectively, into Citibank Account 8047, which was jointly held by the DEFENDANT and the DEFENDANT's wife.  These deposits were conducted at locations in Maryland and the District of Columbia.  Shortly thereafter, the DEFENDANT liquidated the criminal proceeds through cash withdrawals.

23.     Relevant transactions involving the DEFENDANT's Citibank Account 8047 are summarized below:

7

**Table 5: Citibank Account 8047, Emeka Ndukwu and Wife**

| Date | Amount | Transaction |
|---|---|---|
| 6/18/15 | $15,000.00 | **Check from CO-CONSPIRATOR COMPANY 2 deposited** |
| 6/18/15 | $25,000.00 | **Check from CO-CONSPIRATOR COMPANY 2 deposited** |
| 6/24/15 | $26,900.00 | Cash withdrawal |
| 6/29/15 | $11,000.00 | Cash withdrawal |

## VICTIM 4

24.     VICTIM 4 is a company based in Nagano, Japan.

25.     On or about January 5, 2016, VICTIM 4 was fraudulently induced into making a wire transfer in the amount of $229,607.29 into Wells Fargo bank account number ending in 7199 ("Wells Fargo Account 7199"). VICTIM 4 mistakenly believed it was making a payment to a counterparty based in Honduras.

26.     Wells Fargo Account 7199 was opened by CO-CONSPIRATOR 5 in the name of CO-CONSPIRATOR COMPANY 4 on or about December 12, 2015. CO-CONSPIRATOR COMPANY 4 is a shell company that did not engage in any legitimate business and was created for the purpose of receiving and laundering criminal proceeds. Following the fraudulent wire transfer from VICTIM 4, CO-CONSPIRATOR 5 liquidated the criminal proceeds by means of cashier's checks to co-conspirators and to another bank account in the name of CO-CONSPIRATOR COMPANY 4.

27.     Relevant transactions involving Wells Fargo Account 7199 are summarized below:

**Table 6: Wells Fargo Account 7199, CO-CONSPIRATOR COMPANY 4**

| Date | Amount | Transaction |
|------|--------|-------------|
| **1/5/16** | **$229,607.29** | **Wire transfer from VICTIM 4** |
| 1/6/16 | $48,010.00 | Teller withdrawal, which funded $40,000 cashier's check to CO-CONSPIRATOR 6 |
| 1/7/16 | $22,900.00 | Teller withdrawal, which funded $22,900 cashier's check to CO-CONSPIRATOR 5 |
| 1/7/16 | $70,000.00 | Teller withdrawal, which funded $60,000 cashier's check to CO-CONSPIRATOR COMPANY 4 |

28.     Wells Fargo attempted to reverse the fraudulent wire transfer from VICTIM 4 on or about January 20, 2016. By then, however, most of the criminal proceeds had been laundered out of the account. Wells Fargo closed the account on or about January 27, 2016.

29.     An account statement for Wells Fargo Account 7199 in the name of CO-CONSPIRATOR COMPANY 4, covering the period of the fraudulent wire transfer from VICTIM 4 and subsequent laundering activity, was found in the DEFENDANT's residence.

30.     CO-CONSPIRATOR 5 established another bank account in the name of CO-CONSPIRATOR COMPANY 4, BB&T bank account number ending in 0319 ("BB&T Account 0319"), on or about December 11, 2015. On or about January 7, 2016, CO-CONSPIRATOR 5 deposited the above-referenced $60,000 cashier's check drawn on Wells Fargo Account 7199, representing criminal proceeds from VICTIM 4, into BB&T Account 0319.

31.     On or about January 20, 2016, CO-CONSPIRATOR 5 made a cash withdrawal in the amount of $30,010 from BB&T Account 0319, representing criminal proceeds from VICTIM 4. The "Memo" line of the withdrawal slip states, "Emeka Ndukwu." On or about the same day, January 20, 2016, CO-CONSPIRATOR 5 purchased a cashier's check from BB&T on behalf of CO-CONSPIRATOR COMPANY 4 in the amount of $20,000, payable to "Emeka Ndukwu."

32.     On or about January 26, 2016, CO-CONSPIRATOR 5 made a cash withdrawal in the amount of $10,000 from BB&T Account 0319, representing criminal proceeds from VICTIM 4. On or about the same day, January 26, 2016, CO-CONSPIRATOR 5 purchased a cashier's check from BB&T on behalf of CO-CONSPIRATOR COMPANY 4 in the amount of $5,000, payable to "Emeka Ndukwu."

33.     Relevant transactions involving BB&T Account 0319 are summarized below:

**Table 7:  BB&T Account 0319, CO-CONSPIRATOR COMPANY 4**

| Date | Amount | Transaction |
|------|--------|-------------|
| 1/7/16 | $60,000.00 | Cashier's check from CO-CONSPIRATOR COMPANY 4's Wells Fargo Account 7199 deposited |
| 1/20/16 | $30,010.00 | Cash withdrawal, which funded $20,000 cashier's check to Emeka Ndukwu |
| 1/26/16 | $10,000.00 | Cash withdrawal, which funded $5,000 cashier's check to Emeka Ndukwu |

34.     On or about January 21, 2016, the DEFENDANT deposited the above-referenced $20,000 cashier's check into Educational Systems Federal Credit Union account number ending in 5898 ("ESFCU Account 5898"), held in the name of "Emeka Ndukwu."

35.     On or about January 26, 2016, the DEFENDANT deposited the above-referenced $5,000 cashier's check into his ESFCU Account 5898.

**VICTIM 5**

36.     VICTIM 5 is a company based in Colleyville, Texas.

37.     On or about April 27, 2016, VICTIM 5 was fraudulently induced into making a wire transfer in the amount of $56,800 into BB&T bank account number ending in 6481 ("BB&T Account 6481"). On or about April 29, 2016, VICTIM 5 was fraudulently induced into making another wire transfer in the amount of $42,600 into BB&T Account 6481. VICTIM 5 mistakenly believed it was making legitimate business payments.

38.     BB&T Account 6481 was opened by CO-CONSPIRATOR 7 on or about January 14, 2016.  Following the fraudulent wire transfers from VICTIM 5, CO-CONSPIRATOR 7 attempted to launder the criminal proceeds through cash withdrawals and checks payable to the DEFENDANT and to CO-CONSPIRATOR 7.  BB&T Account 6481 was locked on or about May 2, 2016, before the criminal proceeds could be fully liquidated.

39.     Relevant transactions involving BB&T Account 6481 are summarized below:

**Table 8:  BB&T Account 6481, CO-CONSPIRATOR 7**

| Date | Amount | Transaction |
|------|--------|-------------|
| **4/27/16** | **$56,800.00** | **Wire transfer from VICTIM 5** |
| **4/29/16** | **$42,600.00** | **Wire transfer from VICTIM 5** |
| 4/30/16 | $10,000.00 | Cashier's check to Emeka Nduwku |
| 4/30/16 | $5,000.00 | Cash withdrawal |
| 5/2/16 | $10,000.00 | Cashier's check to CO-CONSPIRATOR 7 |
| 5/2/16 | $2,500.00 | Cash withdrawal |
| 5/2/16 | $14,000.00 | Cashier's check to Emeka Ndukwu |

40.     On or about May 2, 2016, the DEFENDANT deposited the above-referenced cashier's check in the amount of $10,000 from BB&T Account 6481, representing criminal proceeds from VICTIM 5, into the DEFENDANT's Navy Federal Credit Union checking account number ending in 6612 ("Navy Federal Account 6612"), held in the name of "Emeka Ndukwu."

41.     On or about May 2, 2016, the DEFENDANT deposited the above-referenced cashier's check in the amount of $14,000 from BB&T Account 6481, representing criminal proceeds from VICTIM 5, into the DEFENDANT's ESFCU Account 5898.

## VICTIM 6

42.     VICTIM 6 is a company based in Northbrook, Illinois.

43.     On or about November 23, 2016, VICTIM 6 was fraudulently induced into making a wire transfer in the amount of $140,000 into Wells Fargo bank account number ending in 1741

("Wells Fargo Account 1741"). VICTIM 6 mistakenly believed it was making a payment to a counterparty based in Roseville, California.

44. Wells Fargo Account 1741 was opened by CO-CONSPIRATOR 8 on or about September 19, 2016. Following the fraudulent wire transfer from VICTIM 6, CO-CONSPIRATOR 8 laundered the criminal proceeds through transactions including checks to co-conspirators, including the DEFENDANT.

45. Relevant transactions involving Wells Fargo Account 1741 are summarized below:

**Table 9: Wells Fargo Account 1741, CO-CONSPIRATOR 8**

| Date | Amount | Transaction |
|------|--------|-------------|
| **11/23/16** | **$140,000.00** | **Wire transfer from VICTIM 6** |
| 11/23/16 | $32,655.00 | Check to "Murphy Henry" |
| 11/23/16 | $44,000.00 | Check to CO-CONSPIRATOR 9 |
| 11/23/16 | $53,500.00 | Check to CO-CONSPIRATOR COMPANY 5 |
| 11/26/16 | $6,100.00 | Check to "Henry Murphy" |

46. In fact, "Henry Murphy" was a false alias established by the DEFENDANT. On or about November 17, 2016, the DEFENDANT used a false Nigerian passport bearing his photograph, in the name of "Henry Murphy," with passport number A04425642, to open Bank of America account number ending in 0515 ("Bank of America Account 0515"). On or about November 23, 2016, the DEFENDANT deposited the above-referenced check in the amount of $32,655 into his Bank of America Account 0515.

47. On or about November 25, 2016, the DEFENDANT used the same false Nigerian passport bearing his photograph, in the name of "Henry Murphy," with passport number A04425642, to open Wells Fargo bank account number ending in 2229 ("Wells Fargo Account 2229"). On or about November 28, 2016, the DEFENDANT deposited the above-referenced check in the amount of $6,100 into his Wells Fargo Account 2220.

48.     On or about November 23, 2016, the above-referenced check in the amount of
$53,500 was deposited into Bank of America account number ending in 0601 ("Bank of America
Account 0601"), in the name of CO-CONSPIRATOR COMPANY 5.  That deposit was followed
by several cash withdrawals in the District of Columbia, including a cash withdrawal of $5,000 on
or about November 25, 2016; a cash withdrawal of $4,200 on November 29, 2016; and a cash
withdrawal of $9,000 on December 2, 2016, among other transactions.

49.     On or about May 8, 2017 and May 17, 2017, the DEFENDANT used WhatsApp to
send the bank account number and routing information for Bank of America Account 0601 in the
name of CO-CONSPIRATOR COMPANY 5, as well as apparent online bank account access
credentials, to unknown co-conspirators.  WhatsApp is an encrypted messaging application.

**VICTIM 7**

50.     VICTIM 7 is a company based in China.

51.     On or about November 14, 2016, VICTIM 7 was fraudulently induced into making
a wire transfer in the amount of $126,816 into Wells Fargo bank account number ending in 7281
("Wells Fargo Account 7281").  On or about November 17, 2016, VICTIM 7 was fraudulently
induced into making another wire transfer, through its subsidiary corporation, in the amount of
$54,412 into Wells Fargo Account 7281.  VICTIM 7 mistakenly believed it was making payments
to a counterparty based in Sarasota, Florida (the "FLORIDA COMPANY").

52.     On or about November 4, 2016, MBONU incorporated a new business entity in a
name similar to the FLORIDA COMPANY in the District of Columbia.  On or about November
5, 2016, MBONU established Wells Fargo Account 7281 in the name similar to the FLORIDA
COMPANY.

13

53.     MBONU exchanged WhatsApp messages with CO-CONSPIRATOR 10 regarding the conspiracy.   Included on those WhatsApp messages were screenshots of actual fraudulent emails sent to VICTIM 7 as part of the scheme to induce VICTIM 7 to wire-transfer the money to bank accounts in the United States.   Also included in those WhatsApp messages were photographs of the corporate documents that MBONU executed to incorporate the entity used to create the bank accounts that received the fraudulently-obtained money from VICTIM 7.

54.     Following the fraudulent wire transfers from VICTIM 7 into Wells Fargo Account 7281, MBONU laundered the proceeds through cash withdrawals and checks to co-conspirators, including the DEFENDANT.

55.     On or about November 18, 2016, the DEFENDANT sent a text message to MBONU via the messaging app WhatsApp, spelling out the DEFENDANT's full name: "Emeka NDUKWU."   On the same day, on or about November 18, 2016, MBONU wrote out a check in the amount of $20,000 from Wells Fargo Account 7281 to "Emeka Ndukwu," further liquidating the fraud proceeds from VICTIM 7.   MBONU wrote out four additional checks payable to "Emeka Ndukwu" from the same account.   In total, the five checks MBONU wrote to "Emeka Ndukwu" from Wells Fargo Account 7281 totaled $130,770.

56.     Relevant transactions involving Wells Fargo Account 7281, in the name similar to the FLORIDA COMPANY, are summarized below:

**Table 10: Wells Fargo Account 7281, Name Similar to FLORIDA COMPANY**

| Date | Amount | Transaction |
|---|---|---|
| **11/14/16** | **$126,816.00** | **Wire transfer from VICTIM 7** |
| 11/15/16 | $20,000.00 | Check to CONSPIRATOR 11 |
| 11/16/16 | $200.00 | ATM withdrawal |
| 11/16/16 | $6,000.00 | Withdrawal |
| **11/17/16** | **$54,412.00** | **Wire transfer from subsidiary of VICTIM 7** |
| 11/18/16 | $20,000.00 | Check to Emeka Ndukwu |
| 11/21/16 | $22,200.00 | Check to Emeka Ndukwu |
| 11/21/16 | $27,720.00 | Check to Emeka Ndukwu |
| 11/22/16 | $3,900.00 | ATM withdrawal |
| 11/25/16 | $26,480.00 | Check to Emeka Ndukwu |
| 11/25/16 | $34,370.00 | Check to Emeka Ndukwu |
| 11/28/16 | $25,630.00 | Check to "Murphy Henry" |

57.     The DEFENDANT deposited the five checks from Wells Fargo Account 7281 that were made out to Emeka Ndukwu into his personal bank accounts at Navy Federal Credit Union with account numbers ending in 6612 (checking) ("Navy Federal Account 6612") and 8281 (savings) ("Navy Federal Account 8281")..

58.     On or about November 23, 2016, the DEFENDANT withdrew a cashier's check from Navy Federal Account 8281 in the amount of $20,500, payable to "Chuka Mbonu."

59.     The DEFENDANT also used a portion of the funds in Navy Federal Account 6621 to fund a check for $27,200 payable to a car dealership in Silver Spring, Maryland, for a 2014 Mercedes GL450 purchased by the DEFENDANT's wife.

60.     As noted above, on or about November 25, 2016, the DEFENDANT used a false Nigerian passport in the name of "Henry Murphy," with passport number A04425642, to open Wells Fargo Account 2229.

61.     On or about November 28, 2016, the check from Wells Fargo Account 7281 in the amount of $25,630 made out to "Murphy Henry" was deposited into Wells Fargo Account 2229.

62.     On or about November 30, 2016, the DEFENDANT made a cash withdrawal of $25,060 from Wells Fargo Account 2229.

**SUMMARY**

63.     As stated in the preceding paragraphs, the DEFENDANT knowingly received and conspired with co-conspirators known and unknown to the grand jury, including MBONU, to receive the proceeds of various wire fraud schemes into bank accounts under the control of the DEFENDANT or co-conspirators, totaling $916,056.77.   Following the receipt of the above-mentioned fraud proceeds, the DEFENDANT and co-conspirators knowingly conducted and attempted to conduct transactions to drain the proceeds from the bank accounts, including cash withdrawals, personal checks, and cashier's checks.   The purpose of these transactions was to conceal the nature, location, source, ownership or control of the fraud proceeds.

64.     Many of the transactions and attempted transactions involving fraud proceeds were in amounts greater than $10,000.

65.     The DEFENDANT personally obtained at least $429,848.13 in wire fraud proceeds that were successfully deposited into accounts under the DEFENDANT's dominion and control.

66.     Bank of America, Wells Fargo, Citibank, Capital One Bank, BB&T, Navy Federal Credit Union, and Educational Systems Federal Credit Union are each financial institutions, the deposits of which are insured by the Federal Deposit Insurance Corporation or the National Credit Union Administration.

67.     The DEFENDANT waives any challenge to venue in the District of Columbia.

### Defendant's Acceptance

I have read this Statement of the Offense and carefully reviewed every part of it with my attorneys. I am fully satisfied with the legal services provided by my attorney in connection with this Statement of the Offense and all matters relating to it. I fully understand this Statement of the Offense and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

Date: 4/24/2018

_____
Emeka Ndukwu
Defendant

### Defense Counsel's Acknowledgment

I have reviewed every part of this Statement of the Offense with my client. It accurately and completely sets forth the Statement of the Offense agreed to by the defendant and the Office of the United States Attorney for the District of Columbia.

Date: 4/24/2018

_____
Loui Itoh, Assistant Federal Public Defender
Hugham Chan, Kobre & Kim LLP
Beau Barnes, Kobre & Kim LLP
Attorneys for Defendant

18